Vince M. Verde CA Bar No. 202472
vince.verde@ogletree.com
David A. Garcia CA Bar No. 218356
david.garcia@ogletree.com
Blair T. Troy CA Bar No. 308438
blair.troy@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendants
FlexTech Inc. dba FlexTech Consulting;
FlexTech, Inc.; emids Technologies, Inc.;
and Craig Pfent

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ALEXEI BERAN,<br><br>              Plaintiff,<br><br>       v.<br><br>FLEXTECH INC., a Michigan Corporation doing business in California as FLEXTECH CONSULTING; FLEXTECH, INC., a Nevada Corporation; emids TECHNOLOGIES, INC., a Delaware corporation; CRAIG PFENT, an individual; and DOES 1 – 50, inclusive,<br><br>              Defendants. | Case No. Pending<br><br>**DEFENDANTS FLEXTECH INC. DBA FLEXTECH CONSULTING; FLEXTECH, INC.; EMIDS TECHNOLOGIES, INC. AND CRAIG PFENT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C §§ 1332, 1441, AND 1446**<br><br>*[Filed Concurrently with Civil Case Cover Sheet; Declaration of Blair Troy; Declaration of Anisha Madan; Declaration of Craig Pfent; Defendant FlexTech's Corporate Disclosure Statement; Defendant FlexTech, Inc.'s Corporate Disclosure Statement; Defendant Emids Technologies, Inc.'s Corporate Disclosure Statement; Certificate of Interested Parties; and Notice of Related Case]*<br><br>Complaint Filed:  April 15, 2022<br>Trial Date:         None Set<br>District Judge:    Hon. TBD<br>Magistrate Judge: Hon. TBD |

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants FlexTech Inc. dba FlexTech Consulting; FlexTech, Inc.; emids Technologies, Inc.; and Craig Pfent (collectively referred to as "Defendants"), petition the Court to remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California – Southern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of such removal, Defendants state as follows: (1) there is complete diversity of citizenship between Plaintiff Alexei Beran ("Plaintiff"), a citizen of the State of California, and Defendants, citizens of the states of Delaware, Michigan, Nevada, and Tennessee; (2) the amount in controversy meets the jurisdictional requirement of exceeding $75,000; (3) this removal petition is timely filed; and, (4) all of the foregoing facts were true when Plaintiff filed the Complaint, and remain true now.

## I.    THE STATE COURT ACTION

1.    On April 15, 2022, Plaintiff filed a Civil Complaint against Defendants entitled "ALEXEI BERAN, Plaintiff, v. FLEXTECH INC., a Michigan corporation doing business as FLEXTECH CONSULTING; FLEXTECH, INC. a Nevada Corporation; emids TECHNOLOGIES, INC., a Delaware corporation; and CRAIG PFENT, an individual; and DOES 1 – 50, inclusive, Defendants" in the Superior Court of California for the County of Orange, Case Number 30-2022-01255048-CU-OE-CJC (the "Complaint"). The Complaint asserts the following causes of action: (1) Sexual Harassment in Violation of FEHA; (2) Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of Government Code § 12940(k) et seq.; (3) Retaliation in Violation of FEHA; (4) Retaliation in Violation of Cal. Labor. Codes §§ 1102.5, 1102.6; (5) Breach of Contract; (6) Failure to Pay Timely Wages (Labor Code §§ 202, 203); (7) Inaccurate Wage Statements (Labor Code § 226);

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

Discrimination in Violation of FEHA; (9) Wrongful Termination FEHA; (10) Business & Professions Code §§17200 et seq.; (11) Intentional Infliction of Emotional Distress; and (12) Equal Pay Act and Fair Pay Action in Violation of Labor Code §§1197.5 and 432.3. A true and correct copy of the Complaint is attached as "**Exhibit A**." (*See* Declaration of Blair T. Troy ("Troy Decl."), ¶ 4.

2.      On or about April 19, 2022, Plaintiff filed a Summons with the Superior Court of the State of California for the County of Orange.  A true and correct copy of the foregoing document is attached hereto as "**Exhibit B**."  (*See* Troy Decl., ¶ 5.)

3.      On or about May 2, 2022, Plaintiff served Defendants via email with Notice and Acknowledgment of Receipt that contained the Complaint and the following documents: (1) Summons, (2) Civil Case Cover Sheet, and (3) Notice of Hearing.  True and correct copies of the foregoing documents are attached hereto as "**Exhibit C**." (*See* Troy Decl., ¶ 6.)

4.      On May 23, 2022, pursuant to section 415.30 of the California Code of Civil Procedure, Defendants returned to Plaintiff the Notice and Acknowledgment of Receipt via email. True and correct copies of the foregoing documents are attached hereto as "**Exhibit D**." (*See* Troy Decl., ¶ 7.)

5.      Other than the foregoing pleadings, Defendants are unaware of there being any other documents on file with the Superior Court of the State of California for the County of Orange in this action. (*See* Troy Decl., ¶ 8.)

## II.    **REMOVAL IS PROPER.**

6.      **Venue is Proper**.  The Superior Court of California, County of Orange, is located within the territory of the Central District of California – Southern Division. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. § 84(c)(2) because the Central District of California – Southern Division is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

/ / /

/ / /

7.    **<u>This Court has Jurisdiction</u>**.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 based on diversity jurisdiction because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, as discussed more fully below.

8.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached as Exhibits to this Notice.

9.    In accordance with 28 U.S.C. § 1446(b)(3), this Notice was filed within thirty (30) days after receipt by Defendants of a paper from which it first ascertained that this case is one which is or has become removable.

10.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of California for the County of Orange, and the Clerk of the Court.  Notice to the Plaintiff and to the Superior Court of California for the County of Orange shall be filed promptly.  (*See* Troy Decl., ¶ 9.)

## III.    <u>REMOVAL IS TIMELY.</u>

11.    If a complaint affirmatively reveals on its face the facts necessary for federal court jurisdiction, a defendant in a civil action must remove the action to federal court within thirty (30) days after it is validly served with a summons and complaint. 28 U.S.C. § 1446(b)(1) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable"); *see Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period). The thirtieth day from Defendants' return of their signed Notices and Acknowledgments of Receipt – Civil would be June 22, 2022. Therefore, this removal is timely because it is made on June 22, 2022.  (*See* Troy Decl., ¶ 10.)

Case No. Pending

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

## IV.    <u>COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES</u>.

12.    "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332.

13.    As set forth below, this Court has original jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Consequently, this action is removable under 28 U.S.C. § 1441.

14.    Diversity of citizenship exists because Defendants are not citizens of California (but instead citizens of Delaware, Tennessee, Nevada and Washington) and Plaintiff is a citizen of California.

15.    **<u>Plaintiff's Citizenship</u>.** Plaintiff is a Citizen of California. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Lt*d., 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges that she is "an individual residing in County of Orange in the State of California, and was at all times relevant herein, employed in the County of Orange." (Complaint ¶ 5.) Plaintiff also alleges "[t]he acts giving rise to Beran's claims occurred in the County of Orange." (*Id*.) Furthermore, from the time Plaintiff began her employment in through her separation, Plaintiff's records indicate she resided in California and her last known home address was in California. (Declaration of Craig Pfent ("Pfent Decl.") ¶ 2.) Accordingly, Defendants are informed and believe that Plaintiff, at the time this

1    action was commenced, was and still is a citizen of the State of California for purposes

2    of this removal.

3        16.    **Defendants' Citizenship.** Pursuant to 28 U.S.C. § 1332(c), "a

4    corporation shall be deemed to be a citizen of any State by which it has been

5    incorporated and of the State where it has its principal place of business." The

6    "'principal place of business' [as contained in 28 U.S.C. § 1332(c)] is best read as

7    referring to the place where a corporation's officers direct, control, and coordinate the

8    corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). In other

9    words, the principal place of business is the place where the corporation "maintains its

10    headquarters – provided that the headquarters is the actual center of direction, control

11    and coordination." *Id*.

12        17.    **FlexTech Inc., a Michigan Corporation doing business in California**

13    **as Flextech Consulting ("FlexTech Consulting")**. When Plaintiff filed the

14    Complaint and continuing through the presence, FlexTech Consulting was formed in

15    Michigan. (*See* Pfent Decl. ¶ 3.) At the present time, FlexTech Consulting has

16    dissolved. (*Id*.) However, at the time of the events as alleged in the Complaint,

17    FlexTech Consulting was headquartered in Nevada. (*Id*.) The entity's primary

18    management offices and operations were all located at its corporate headquarters in

19    Incline Village, Nevada. (*Id.*) From its corporate headquarters in Incline Village,

20    Nevada, FlexTech Consulting performed its executive and administrative functions,

21    where its officers directed, controlled, and coordinated the corporation's activities.

22    (*Id.*) Pursuant to *Hertz*, FlexTech's "nerve center" is in Nevada.

23        18.    Therefore, FlexTech Consulting is (and was at all times relevant to the

24    Complaint) a citizen of the states of Michigan and Nevada—not California.

25        19.    **FlexTech, Inc., a Nevada Corporation ("FlexTech").** When Plaintiff

26    filed the Complaint and continuing through the presence, FlexTech was formed in

27    Nevada. (*See* Pfent Decl. ¶ 4.). At the present time, FlexTech has dissolved following

28    the merge with emids Technologies, Inc. (*Id.*) However, at the time of the events as

alleged in the Complaint, FlexTech was headquartered in Nevada. (*Id.*) At the time of the events as alleged in the Complaint, FlexTech performed its executive and administrative functions from its corporate headquarters in Incline Village, Nevada, where its officers directed, controlled, and coordinated the corporation's activities. (*Id.*) Pursuant to *Hertz*, FlexTech's "nerve center" was in Nevada.

20.    Therefore, FlexTech was, at all times relevant to the Complaint, a citizen of the state of Nevada—not California.

21.    **Emids Technologies, Inc. ("Emids").** When the Complaint was filed, and continuing through the present, Emids was formed in Delaware. . (*See* Declaration of Anisha Madan ("Madan Decl.") ¶ 3.) Moreover, at the time of filing of this action, Emids was, and still is, headquartered in Tennessee. (*Id.*) The entity's primary management offices and operations are all located at its corporate headquarters in Franklin, Tennessee. (*Id.*) From its corporate headquarters in Franklin, Tennessee, Emids performs its executive and administrative functions, where its officers direct, control, and coordinate the corporation's activities. (*Id.*) Pursuant to *Hertz*, FlexTech's "nerve center" is in Tennessee.

22.    Therefore, Emids is a citizen of the states of Delaware and Tennessee – not California.

23.    **Defendant Craig Pfent ("Pfent")**. Pfent resided in Nevada and his last known home address was in Incline Village, Nevada. (*See* Pfent Decl. ¶ 5.) Accordingly, Defendants are informed and believe that Pfent, at the time this action was commenced, was and still is a citizen of the State of Nevada for purposes of this Removal.

24.    Therefore, based on the foregoing, diversity is established between Plaintiff and Defendants. Thus, this timely Removal is based upon complete diversity between the proper parties: Plaintiff who is a citizen of California, and Defendants, none of whom are citizens of California.

## V.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS.

25.     This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendants discuss below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000. In doing so, Defendants do not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of her theories.

26.     In this case, Plaintiff did not allege the amount in controversy in her Complaint.  However, an action may still be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must establish that it is "more likely than not" that the amount in controversy exceeds that amount.  *Sanchez v. Monumental Life Ins. Co*., supra, 102 F.3d at 404. The Court may, for removal purposes, look to the removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

27.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Associates v. Hartford Acc. & Ind. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

28.    **Lost Earnings.** In her Complaint, Plaintiff asserts that she is entitled to lost earnings. (Compl. ¶¶ 41, 59, 58, 78, 85, 102; Prayer for Relief No. 3.) In her Complaint, Plaintiff alleges, "Defendants paid Plaintiff grossly deficient amounts" on her last day of employment (Compl. ¶2). Plaintiff, however, fails to define "grossly deficient amounts" rending Defendants unable to assign any in numerical value to these alleged damages. However, Plaintiff did allege, "Plaintiff was advised by Pfent that as part of the transaction over to emids that she would be receiving $500,000 plus stock options as part of her compensation plan." (Compl. ¶ 19.) Thus, this fact alone is enough to satisfy the amount in controversy as the "$500,000 plus stock options as part of her compensation plan" is far above the $75,000 requirement.

29.    In addition to back pay, a plaintiff who successfully alleges wrongful termination or discriminatory discharge of employment generally seeks an award of front pay. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement in discrimination matter); *Secru v. Laboratory Corp. of America*, (2009) WL 3755763, at *2 n.3. (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

30.    At the time she left the company, Plaintiff's base salary was $12,166.66 per month. (*See* Pfent Decl., ¶ 3.) At the time of the Complaint, Plaintiff had been separated from her employment with FlexTech for approximately 18 months, equal approximately to a total amount of $218,999.88.

31.    **Waiting Time Penalties**. Waiting-time penalties are considered in determining the amount in controversy. *See, e.g., Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982 (S.D. Cal. 2005).

32.    Plaintiff alleges that she is entitled to $18,249.99 in waiting time penalties, based on her gross monthly rate of $12,166.66, divided by an average of 20 work days per month, which equals $608.33. $608.33 multiplied by 30 days equals $18,249.99 in waiting time penalties.

33.    **Emotional Distress.** In her Complaint, Plaintiff alleges that "[a]s a direct and proximate result of Defendants, and each of their actions, Plaintiff has suffered severe and serious emotional distress, physical injuries and inconvenience, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof." ("**Exhibit A**" -- Complaint, ¶¶ 34, 40, 46, 51, 59, 77, 84, and 97.) Plaintiff's claim for these damages adds thousands of dollars to the amount in controversy. A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases can exceed $75,000. *See, e.g.*, *Cosby v. Autozone, Inc.* 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847 (Orange County Superior Court) (jury award of more than $3,000,000 to 50 year old bank employee terminated because of age); *DFEH v. County of Riverside*, 2003 WL 24304125 (Riverside County Superior Court) (jury awarded $300,000 emotional distress damages for failure to accommodate claim); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and suffering damages for doctor alleging discrimination and wrongful discharge). Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

34.    **Punitive Damages.** Plaintiff further claims entitlement to punitive damages. ("Exhibit A" -- Complaint ¶¶ 34, 42, 47, 52, 61, 79, 86, 98, Prayer for Relief ¶ 6.) Requests for punitive damages must be taken into account in ascertaining the

Case No. Pending

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

amount in controversy. *Davenport v. Mutual Ben. Health & Acc. As*sn., 325 F.2d at 787. For amount in controversy purposes, the court must conclude that Plaintiff will prevail on her claim for punitive damages. *See Richmond v. Allstate Ins. Co*., 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). An examination of jury awards shows that punitive damages awards in discrimination cases can also exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case).

35. **Attorneys' Fees**. Plaintiff also seeks attorneys' fees. ("Exhibit A" Complaint ¶¶ 62, Prayer for Relief, ¶ 4.) Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy regardless of whether award is discretionary or mandatory). Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that one or more dispositive motions will be filed and briefed. Preparing for and responding to these actions is likely to trigger significant attorneys' fees. Therefore, if Plaintiff was to be successful on her claims, she could claim entitlement to an award of attorneys' fees that itself would "more likely than not" exceed $75,000.

36. Accordingly, Plaintiff's claims for lost wages and benefits, and waiting time penalties, in conjunction with Plaintiff's claims for emotional distress, punitive damages, and attorneys' fees, establish that the amount in controversy well exceeds $75,000.

## VI.    NO ADDITIONAL CONSENT TO REMOVAL IS NEEDED.

37. Unnamed, or "Doe" defendants, are not required to join in removal. *Emrich v. Touche Ross & Co*., 846 F.2d 1190 n.1 (9th Cir. 1988) ("Doe" defendants need not join in removal). Accordingly, Doe Defendants 1-50 are not required to join

in this removal, and the only named Defendant, Flexe, Inc., brings this petition for removal.

## VII.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446.

38.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

39.    This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

40.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by **Exhibits A through D**, which are copies of all process, pleadings, and orders served on Defendant.  (*See* Troy Decl. ¶¶ 4-7.)

41.    In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal was filed within the requisite time period after the initial service of the Complaint on Defendant on May 2, 2022 and Defendants' return of the Notice and Acknowledgment of Receipt on May 23, 2022.

42.    In accordance with 28 U.S.C. §1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via her counsel, and file a copy of that Notice with the Superior Court of the State of California for the County of Orange.

## VIII.  CONCLUSION

43.    Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action pursuant to 28 U.S.C. § 1332, 1441 and 1446.

/ / /

/ / /

/ / /

/ / /

/ / /

44.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the Court on the basis for this removal.

DATED:  June 22,  2022                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Blair T. Troy*
                                          Vince M. Verde
                                          David A. Garcia
                                          Blair T. Troy
                                          Attorneys for Defendants
                                          FlexTech Inc. dba FlexTech Consulting;
                                          FlexTech, Inc.; emids Technologies, Inc.;
                                          and Craig Pfent

# PROOF OF SERVICE

*Alexei Beran v. FlexTech Inc., a Michigan Corporation*
*doing business in California as FlexTech Consulting, et al.*
Case No. Pending

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

**ON JUNE 22, 2022, I SERVED THE DEFENDANTS FLEXTECH INC. DBA FLEXTECH CONSULTING; EMIDS TECHNOLOGIES, INC. AND CRAIG PFENT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the office or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

1   ☐    **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said
2        document(s) to the following addressee(s) at the following number(s), in
       accordance with:

3           ☐    the written confirmation of counsel in this action:
          ☐    [Federal Court] the written confirmation of counsel in this action
4                and order of the court:

5   ☒    **BY CM/ECF:** With the Clerk of the United States District Court of California,
6        using the CM/ECF System. The Court's CM/ECF System will send an e-mail
       notification of the foregoing filing to the parties and counsel of record who are
7        registered with the Court's CM/ECF System.

8   ☒    **(Federal)**    I declare that I am employed in the office of a member of the State
                   Bar of this Court at whose direction the service was made. I
9                    declare under penalty of perjury under the laws of the United States
                   of America that the above is true and correct.

10  ☐    **(Federal)**    I declare that I am a **member** of the State Bar of this Court at whose
11                   direction the service was made. I declare under penalty of perjury
                  under the laws of the United States of America that the above is
12                   true and correct.

13       I declare under penalty of perjury under the laws of the United States of America
    that the above is true and correct.

14

15       Executed on June 22, 2022, at Costa Mesa, California.

16                            */s/ Lisa Marie Hamusek*
17                            Lisa Marie Hamusek

Case No. Pending
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION

1

## SERVICE LIST

2

3   Karl P. Schlecht, Esq.                    Attorneys for Plaintiff
    Bicvan Brown, Esq.                        Alexei Beran
4   Cayla Whitley, Esq.
    TRESSLER LLP
5   2 Park Plaza, Suite 1050
    Irvine, CA  92614
6   Telephone:  949-336-1200
    Facsimile:    949-752-0645
7   kschlecht@tresslerllp.com
    bbrown@tresslerllp.com
8   cwhitley@tresslerllp.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. Pending
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION
51505058.v1-OGLETREE